IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRIS FOWLER,

    Petitioner,                       No. CIV S-02-2250 GEB JFM P

    vs.

DIANE BUTLER, et al.,

    Respondents.                 <u>ORDER</u>

                                /

        Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of fifteen years to life in prison following his 1984 conviction on charges of second degree murder. By this action, petitioner challenges a February 2000 decision of a panel of the California Board of Prison Terms (BPT) denying him a parole date. This matter is before the court on petitioner's motions for leave to conduct discovery, to strike portions of the record, to expand the record, and to seal documents, and on respondents' motion to expand the record.[1]

/////

/////

---

[1] The motions came on for hearing before the undersigned on January 5, 2005. Ann C. McClintock, Assistant Federal Defender, appeared as counsel for petitioner. Michael Llewellyn, Deputy Attorney General, appeared as counsel for respondents.

PETITIONER'S MOTIONS

A. <u>Motion for Leave to Conduct Discovery</u>

Pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States Courts and Rules 26 and 30 of the Federal Rules of Civil Procedure, petitioner seeks leave of court to depose the three BPT commissioners who sat on the hearing panel that denied him parole in February 2000. Respondents oppose the motion, contending that petitioner has not shown the requisite "good cause" for the depositions.

> Rule 6(a) provides that a habeas petitioner is entitled to discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a). The Supreme Court has stated that Rule 6(a) "is meant to be 'consistent'" with its holding in <u>Harris v. Nelson</u>, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969), in which the Court held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." <u>Bracy v. Gramley</u>, 520 U.S. 899, 908-09, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) (quoting <u>Harris</u>, 394 U.S. at 300, 89 S.Ct. 1082) (alteration in original).

<u>Pham v. Terhune</u>, 400 F.3d 740, 743 (9th Cir. 2005).

Petitioner raises four claims in his petition. First, he claims that there is no evidence in the record of the February 2000 parole hearing to support the decision to find him unsuitable for parole. Second, petitioner claims that he met none of the criteria under California law to support a finding that he was unsuitable for parole, that he met almost all of the criteria necessary to a finding that he is suitable for parole, and that there is nothing more he can do to comply with the recommendations made by the February 2000 panel. Third, he claims that denial of parole based on the "cruel, heinous and atrocious" language of 15 Cal. Code Regs. § 2402(c)(1)(A-E) is unlawful because those terms are unconstitutionally vague. Finally, he claims that reliance on those terms is an impermissible "usurpation of the legislative function." (Petition for Writ of Habeas Corpus, filed October 15, 2002, at 6.)

/////

Included in petitioner's third claim for relief is a contention that the February 2000 denial of parole reflects the arbitrary decisionmaking practices of the BPT, which is grounded in "almost a per se belief . . . that the very act of murder renders every prisoner 'an unreasonable risk of danger to society if released from prison.'" (Petition, at 27.)  Similarly, in his fourth claim for relief petitioner contends that the BPT's decision to deny parole was motivated by a political agenda that has been a de facto policy of the California BPT at least since Pete Wilson was governor of California.  (Id. at 36.)

It is these contentions at which petitioner's discovery request is aimed.  Relying on McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002), respondents contend that parole commissioners "should not be allowed to be deposed to reveal their deliberative process in reaching a discretionary decision." (Respondent's Response to Petitioner's Motions for Discovery, to Strike Record, to Expand Record, and to Seal Exhibits, filed December 7, 2004, at 4.)  McQuillion involved a due process challenge to a decision to rescind a parole date.  In part, McQuillion claimed that the rescission panel had violated his right to due process by refusing his request to call as witnesses at the rescission hearing members of the panel that had granted his parole date.  The court of appeals, noting that "the right to call witnesses does not ordinarily encompass a right to call a factfinder-decisionmaker to the stand," held that due process had not been violated by that refusal.  McQuillion, 306 F.3d at 900.

The McQuillion court specifically noted that the record in that case outlined in "great detail" the basis for the rescission and that the petitioner in that case had "made no showing of any special need to call the members of the granting panel as witnesses."  Id.  Here, by contrast, petitioner specifically claims that unconstitutionally vague language in the California parole statutes was used in his case to mask reliance on a de facto policy to deny parole to all convicted murders.[2]  The likely existence of such a policy, and its possible impact on the parole

---

[2] Another judge of this court has found that such a policy existed under both Governors Pete Wilson and Gray Davis.  (Attachment C to Petitioner's Reply in Support of His Motions for

3

decision in petitioner's case, are a sufficient showing of a "special need" to depose the panel members who denied him parole in February 2000 to distinguish this case from the holding in McQuillion.

For the foregoing reasons, this court finds that petitioner has shown good cause for the requested discovery. Accordingly, petitioner's motion to depose the three BPT panel members will be granted.

B. Motion to Strike

Petitioner moves to strike all records lodged by respondents on April 29, 2004. This motion is unopposed and will therefore be granted.

C. Motion to Expand the Record

Petitioner moves to expand the record to include (1) the transcript of his subsequent parole consideration hearing in October 2001 (Ex. 22); (2) a psychological evaluation of petitioner for the September 2004 BPT calendar (Ex. 23); and (3) Volumes I-VI of his central file (Ex. 24).[3] Respondents oppose expanding the record to include any material generated after the February 10, 2000 hearing at issue, with the exception of the fact that petitioner was again denied parole in October 2001.

Petitioner contends that the post-2000 hearing material is relevant both to respondents' contention that the instant petition has been mooted by subsequent parole suitability hearings at which petitioner has again been denied parole and to consideration of an appropriate remedy in this case. With respect to the latter contention, petitioner's position is that the

/////

---

Discovery, to Strike, to Expand, and to Seal, filed December 23, 2004, Coleman v. Board of Prison Terms, et al., No. CIV S-96-0783 LKK PAN P, Findings and Recommendations, filed December 22, 2004, at 3.-4. But cf. Irons v. Warden of California State Prison-Solano, 358 F.Supp.2d 936, 950 (E.D.Cal. 2005) (rejecting claim that BPT and Governor Davis conspired to deny murderers parole).

[3] This set of documents is identified by petitioner in his motion as the record from an October 10, 2000 parole consideration hearing, but is elsewhere identified as Vols. I-VI of petitioner's central file. See Notice of Lodging Documents, filed December 1, 2004.

subsequent records show a continuation of the due process violation at issue in this action and, therefore, review of those records will be necessary to determine an appropriate remedy.

This court is not persuaded that petitioner's subsequent parole consideration hearings render the instant action moot. See Irons, 358 F.Supp.2d at 948. In any event, the only "fact" relevant to that argument is that petitioner has been denied parole since the hearing at issue in these proceedings. The records related to those denials are not necessary to resolve respondents' mootness argument.

With regard to remedy, this court is not persuaded that the records from subsequent parole consideration hearings are properly considered in connection with fashioning an appropriate remedy should a constitutional violation be found in this case. The question of whether any constitutional violation occurred continued at a subsequent parole consideration hearing is not properly before this court absent exhaustion of state court remedies. See 28 U.S.C. § 2254. Moreover, relief in this case is not dependent on whether any constitutional violation continued after the February 10, 2000 hearing, though it may be dependent on the rationale for previous denials of parole. See Biggs v. Terhune, 334 F.3d 910, 916 (9th Cir. 2003).

For the foregoing reasons, petitioner's motion to expand the record will be denied insofar as petitioner seeks to add records that post-date the February 10, 2000 hearing at issue in these proceedings and granted in all other respects. Specifically, the motion will be denied as to proposed Exhibits 22 and 23 and to all documents in Exhibit 24 that post-date petitioner's February 10, 2000 parole consideration hearing. The motion will be granted as to all documents in Exhibit 24 that pre-date said hearing and to the transcript of said hearing and decision thereon.

D.  Motion to Seal

Finally, petitioner seeks an order sealing "all exhibits that include prison, medical or other confidential information," identified as Exhibits 3, 8, 9 and 10 to the petition, the probation report attached to docket entry # 9, the Cat X report lodged by respondents on June 3,

/////

2004, and petitioner's exhibits 23 and 24.[4]  Respondents object to sealing the parole suitability hearing transcript and decision thereon, as well as the letters from James F. Roach and Louis Beermann.  Respondents do not oppose sealing petitioner's probation report or his medical or psychiatric records, except that respondents oppose sealing any part of the hearing transcripts that discuss those conditions.  In response, petitioner modifies his request to exclude Exhibit 24, Volume III, from the sealing order.

It is well-settled that "there is a strong presumption in favor of the common law right to inspect and copy judicial records." Phoenix Newspapers, Inc v. U.S. Dist. Court for Dist. of Arizona, 156 F.3d 940, 946 (9th Cir. 1998).  Although the parties do not dispute most of the proposed sealing order, this court finds that petitioner has made no showing of need sufficient to overcome the presumption of public access to records in these federal court proceedings.  Accordingly, petitioner's motion to seal will be denied.

## RESPONDENTS' MOTION TO EXPAND THE RECORD

Respondents move to expand the record to include petitions for writ of habeas corpus filed by petitioner in the state court of appeal and supreme court as well as the exhibits to said petition.  Respondents contend that the petitions are relevant to petitioner's exhaustion of state court remedies and that they "elucidate" the state court decisions which are part of the record.  Petitioner opposes the motion on the ground that respondents have conceded exhaustion of state court remedies and the state court petitions are not a proper aid to analysis of the state court decisions, which are so-called postcard denials containing no statement of reasons therefor.  Petitioner also contends that respondents have not verified that the petitions are complete and accurate copies, and notes that many of the exhibits attached to the state petitions do not correspond to the exhibit lists appended thereto.

/////

---

[4] For the reasons set forth in section C, supra, Exhibit 23 will not be admitted into the record in this action.  A fortiori, petitioner's motion to seal said document will be denied.

Respondents have conceded that petitioner exhausted state court remedies. (See Answer to Petition for Writ of Habeas Corpus, filed January 15, 2003, at 5.) The habeas corpus petitions are not, therefore, relevant to that determination. Moreover, where, as here, the state courts summarily denied petitioner's state habeas corpus petitions, this court conducts an independent review of the record that was before the California Board of Prison Terms to determine whether the state courts' rejection of petitioner's habeas corpus petitions was contrary to, or an unreasonable application of, clearly established federal law. See Delgado v. Lewis, 223 F.3d 976, 981-82 (9th Cir. 2000).[5] That administrative record is before this court and will not be supplemented by the addition of petitioner's state habeas corpus petitions.

For the foregoing reasons, respondents' motion to expand the record will be denied.

Finally, on February 23, 2005, petitioner filed a request for leave to file late his reply brief. Good cause, the request will be granted and the reply brief filed February 23, 2005 will be deemed timely filed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's November 18, 2004 motion to conduct the depositions of Board of Prison Terms Commissioners Thomas Gianquinto, Manuel Ortega, and John Iniquez is granted;

2. Said depositions shall be conducted so as to be completed, including transcription thereof, not later than sixty days from the date of this order;

3. The parties shall have thirty days thereafter to file any supplemental briefing in support of or opposition to the claims raised in this action based on testimony elicited at the depositions authorized by this order;

---

[5] The Delgado court did note that the record before the federal court was the same as the record before the state court of appeal and the state supreme court. See Delgado, at 982. In the instant case, the relevant record is that considered by the California Board of Prison Terms. There is no contention that any part of that record is only attached to petitioner's state habeas corpus petitions or otherwise missing from the record before this court.

       4.  No extension of the deadlines set in paragraphs 3 and 4 of this order will be granted;

       5.  Petitioner's November 18, 2004 motion to strike is granted;

       6.  The records lodged by respondents on April 29, 2004 are stricken from the record;

       7.  Petitioner's November 18, 2004 motion to expand the record is granted as to those documents in Exhibit 24 dated February 10, 2004 or earlier and denied in all other respects;

       8.  Petitioner's November 18, 2004 motion to seal exhibits is denied;

       9.  Respondents' December 7, 2004 motion to expand the record is denied;

       10.  Petitioner's February 23, 2005 request for leave to file a late reply brief is granted; and

       11.  Petitioner's February 23, 2005 reply brief is deemed timely filed.

DATED:  May 25, 2005.

_____  
UNITED STATES MAGISTRATE JUDGE

12  
fowl2250.dis