IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRIS FOWLER,

    Petitioner,                             No. CIV S-02-2250 GEB JFM P

    vs.

DIANE BUTLER, et al.,

    Respondents.                        FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a February 10, 2000 decision of the California Board of Prison Terms (BPT) denying him a parole date.  Respondents have moved to dismiss the petition on the grounds that (1) the petition is mooted by petitioner's September 26, 2005 subsequent parole consideration hearing, which also resulted in a denial of parole; and (2) this court lacks jurisdiction over the petition because petitioner has no federally protected liberty interest in a parole date.  Petitioner has filed an opposition to the motion, and respondents have filed a reply brief.  In the reply brief, respondents contend that if this matter is not dismissed as moot it should be stayed pending a decision of the United States Court of Appeals in Sass v. California Board of Prison Terms, No. 05-16455.

/////

This court heard oral argument on respondents' motion on February 9, 2006. Ann C. McClintock, Assistant Federal Defender, appeared as counsel for petitioner. Stephen P. Acquisto, Supervising Deputy Attorney General, appeared as counsel for respondents.

I. <u>Mootness</u>

Describing petitioner's sole cognizable challenge to the February 2000 denial of parole as a claim that the denial was grounded in unlawful bias of the BPT panel that denied him parole and improper political pressure from then California Governor Pete Wilson, respondents contend that the petition is mooted by the September 26, 2005 parole hearing before two BPT commissioners, one of whom was appointed by Governor Schwarzenegger. Respondents contend that the September 2005 hearing was "free of any bias or improper political influence," thus remedying any alleged unlawful bias or influence from the prior hearing. (Notice and Motion to Dismiss; Memorandum of Points and Authorities, filed December 14, 2005, at 5.)[1] Respondents also contend generally that petitioner is now incarcerated based on the September 2005 denial of parole and not as a result of the February 2000 denial of parole. (<u>Id</u>.)

Petitioner disputes both respondents' characterization of his claims, which he contends is too narrow, and respondents' contention that the September 2005 hearing moots the instant action.

> Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases ⋯ arising under this Constitution ⋯ [and] Controversies to which the United States shall be a Party⋯.." The Supreme Court has concluded that "[t]he Constitution's case-or-controversy limitation on federal judicial authority ⋯ underpins ⋯ our mootness jurisprudence ⋯.." <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). Mootness is jurisdictional. <u>See Cole v. Oroville Union High Sch. Dist.</u>, 228 F.3d 1092, 1098 (9th Cir.2000). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable

---

[1] Respondents do not concede the factual basis for petitioner's claim of bias and improper political influence. <u>See id</u>.

judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)).

Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). A "well-established exception to mootness applies when '(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" Hubbart v. Knapp, 379 F.3d 773, 777 (9th Cir. 2004) (quoting Spencer, at 17, 118 S.Ct. 978 (citation and internal quotation marks omitted)).

      In Hubbart, the United States Court of Appeals for the Ninth Circuit held that a challenge to a two-year civil commitment term under California's Sexually Violent Predator Act satisfied both prongs of the foregoing exception to the mootness doctrine. Since then, several district courts have applied the reasoning of Hubbart to habeas challenges to parole denials. See, e.g., Irons v. Warden of California State Prison-Solano, 358 F.Supp.2d 936, 948 (E.D. Cal. 2005); see also Sass v. California Board of Prison Terms, 376 F.Supp.2d 975, 978-79 (E.D.Cal. 2005); Cass v. Woodford, 432 F.Supp.2d 1061, 1071 (S.D.Cal. 2006).

      This court agrees with the reasoning of the Irons, Sass and Cass courts that a subsequent parole consideration hearing does not moot a federal habeas corpus challenge to a prior denial of parole where, as here, the denial of parole was not "fully litigated" prior to the subsequent denial of parole, and the new hearing resulted in a denial of parole grounded in reasoning substantially similar to the prior decision.[2] This court also finds that petitioner's claims are broader than the claim described by respondents in their motion to dismiss and that the

---

[2] In both Irons and Cass, the time between subsequent parole consideration hearings was shorter than the five years that elapsed between petitioner's February 2000 hearing and the September 2005 hearing. That distinction, however, is not dispositive. Petitioner's federal habeas corpus claims were not resolved in the time between parole hearings, and it is undisputed that petitioner was again denied parole for reasons similar to those underlying the February 2000 denial of parole.

3

relief available to petitioner in this action, should he prevail on one or more of the claims raised herein, is not necessarily limited to a new parole hearing before a different BPT panel.

For the foregoing reasons, this court finds that this action is not mooted by the September 2005 parole hearing and will therefore recommend that respondents' motion to dismiss this action as moot be denied.

II. <u>Liberty Interest in Parole</u>

As noted above, respondents also contend that petitioner lacks a cognizable liberty interest in parole. In their reply brief, they request a stay of this action pending a decision of the United States Court of Appeals for the Ninth Circuit in <u>Sass v. California Board of Prison Terms</u>, <u>supra</u>, wherein the court of appeals has before it the question of whether California law gives rise to a federally protected liberty interest in parole.[3] Good cause appearing, that will be the recommendation of this court.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondents' December 14, 2005 motion to dismiss this action as moot be denied;

2. Respondents' December 14, 2005 motion to dismiss this action for lack of jurisdiction be denied without prejudice;

3. This action be stayed pending a decision by the United States Court of Appeals for the Ninth Circuit in <u>Sass v. California Board of Prison Terms</u>, No. 05-16455 (<u>Sass</u>);

4. The parties be directed to file a motion and/or stipulation and proposed order to lift the stay of this action within ten days from the date of a decision by the United States Court of Appeals for the Ninth Circuit in <u>Sass</u>; and

5. The Clerk of the Court be directed to administratively close this action until further order of court.

---

[3] The court of appeals heard argument in the <u>Sass</u> case in March 2006.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 16, 2006.

UNITED STATES MAGISTRATE JUDGE

12
fowl2250.mtd