IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
CHRIS FOWLER,                      )
                                   )    2:02-cv-2250-GEB-JFM-P
               Petitioner,         )
                                   )
     v.                            )    ORDER
                                   )
DIANE BUTLER, et al.,              )
                                   )
               Respondents.        )
                                   )
```

       On June 18, 2007, Respondent Diane Butler filed an "Application for a Stay of the Court's June 14, 2007 Order Granting the Petition for Writ of Habeas Corpus." Respondent "requests a stay of this Court's order requiring the Board of Parole Hearings . . . to set a release date for [Petitioner] pending appeal." (Resp.'s Appl. at 1.) Respondent requests "an expedited ruling on the stay request because the June 14, 2007 Order directs Respondent to comply within thirty days." (Id. at 2.)

       Respondent seeks the stay pending appeal to the Ninth Circuit under Federal Rule of Civil Procedure 62(c) ("Rule 62(c)"). "Rule 62(c) provides that when an appeal is taken from a final judgment granting an injunction, the court has discretion to suspend the injunction during the pendency of an appeal upon such terms that

1  will secure the rights of the adverse party." (Appl. at 2 (citing
2  Rule 62(c)).) "[T]he factors regulating the issuance of a stay are
3  . . . : (1) whether the stay applicant has made a strong showing that
4  he is likely to succeed on the merits; (2) whether the applicant will
5  be irreparably injured absent a stay; (3) whether issuance of the stay
6  will substantially injure the other parties interested in the
7  proceeding; and (4) where the public interest lies." Hilton v.
8  Braunskill, 481 U.S. 770, 776 (1987).
9         Respondent contends that a stay pending appeal should be
10 granted because (1) Respondent has a high likelihood of success on the
11 merits of her appeal (Appl. at 3); (2) the parole board and the
12 state's parole system will be irreparably injured if a parole date is
13 set for Petitioner, because "requiring the Board to set a release date
14 for [Petitioner] improperly usurp[s] the executive's legislatively
15 mandated functions" and because once the parole board sets a release
16 date, the Governor will review that decision, and "should the Governor
17 grant parole to [Petitioner], the case will be moot and the Board will
18 be deprived of having legal issues that are of significant import
19 litigated" (id. at 6-7); (3) the issuance of a stay would not
20 substantially injure Petitioner (id. at 7); and (4) a stay is
21 necessary to protect the public interest, since "[t]he state has
22 established a parole process that should be respected [and] the public
23 has an interest in the Board's decision remaining undisturbed during
24 the pendency of the appeal of this court's decision" (id. at 8).
25         For the reasons stated in the June 14 Order, and the amended
26 findings and recommendations filed May 23, 3007, Respondent has not
27 established that she is likely to succeed on the merits of her appeal.
28 Additionally, Respondent's arguments that the parole board and the

state's parole system will suffer irreparable harm if a parole date is set for Petitioner, and that the public has an interest in the parole board's decision remaining undisturbed, are unpersuasive, especially in light of Respondent's statement that the parole board's decision will "move[] on for review by the Governor" after a release date is set. (Id. at 7.) Moreover, Petitioner would be irreparably harmed by a stay that would keep him in prison indefinitely, especially since it has already been determined that due process requires the parole board to set a release date for Petitioner. Therefore, Respondent's application for a stay pending appeal is denied.

IT IS SO ORDERED.

Dated: June 19, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge